March 17.
JUDGE COALTER.
Although the record states that the jury were sworn to try the issue joined, yet, unless we can -look to the plea which was directed to be entered nunc pro tunc, at a subsequent Term after the judgment, by way of amendment of the record, there was no plea entered, nor issue made up in the cause. As to the amendment in question, it was not one justified by the Act of Assembly, (1 Rev. Code, ch. 128, sec. 108,) and could not be made at a subsequent Term, independent of that Act, as has been decided in this Court, in many cases. Without deciding, therefore, on any other point made in the cause, the judgment must be reversed for this error, and the cause remanded for a new trial to be had.
It is unnecessary to decide the question arising under the Statute of Jeofails, in this case, {if we could give any opinion *on it, there being no verdict or issue joined), as, whichever way they might be decided, still the cause must go back for the reason above assigned, and the plaintiff will have an opportunity to amend, or the defendant to demur to his declaration,
It may not be impertinent, however, to remark, that if this declaration, on the face of it, shews that the plaintiffs had no-cause of action, as has been contended for, and if nevertheless, such declaration, and the judgment thereon, must be supported, when the jury, on an issue joined, find for the plaintiff; it is a strong illustration of the propriety of a remark made by counsel, some days ago, on this Act, “that counsel in the country, in order to guard the interests of their clients, ought to go constantly prepared with blank demurrers, and put in one in every case where they appear for a defendant; and -that if this practice should be the result of the late amendment to that Statute, it may have a very beneficial effect, by producing more care in declaring, than was necessary even under the Act as it before stood ; and thus preserve in the profession some attention to legal forms.”
JUDGE CABELL.
This is an appeal from a judgment of the Superior Court of Law for the county of Richmond.
Although the record states, that the jury were sworn to try the issue joined between the parties, yet it does not shew that any plea was filed by the defendant, nor that any issue was, in fact, joined.
The counsel for the appellee has exhibited the transcript of an order of the Superior Court, made at a Term subsequent to that at which the judgment was. rendered, shewing that the Court received the evidence of the clerk, that a plea had been regularly filed, and that issue was joined thereon, and directing the plea to be entered nunc pro tunc. But, we cannot regard this transcript as any part of *the record. In the case of Vaughan and Field, ex’ors of Field v. Freeland, reported in a note to 2 Munf. 477, this Court decided that it was erroneous in the District Court, after the term, to amend the record, even by the written minutes of the clerk. It would be much more improper to allow such amendment, founded on the mere recollection and oral testimony of the clerk.
Without deciding any other question made in the argument, I am of opinion to reverse the judgment, on the ground that no issue was joined between the parties.
JUDGE CARR and the PRESIDENT concurred, and the judgment was reversed.*